UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAURO GONZALES, AYA300,

    Plaintiff,

v.

SAN JOSE COUNTY COUNCIL, et al.,

    Defendants.

Case No. 16-cv-02056-SK (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at the Santa Clara County Jail, Elmwood Facility, has filed a *pro se* civil rights complaint for damages under 42 U.S.C. § 1983 claiming unlawful arrest and unlawful detention/imprisonment. The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Courts must construe *pro se* pleadings liberally. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. See Pierson v. Ray, 386 U.S. 547, 555-558 (1967); Yousefian v. City of Glendale, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). And a claim of unlawful detention/imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. See Baker v. McCollan, 443 U.S. 137, 142-145 (1979); Lee v. County of Los Angeles, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years). But cf. Gant v. County of Los Angeles, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because plaintiff did not inform defendants of his mistaken identity and because he received a prompt hearing, his due process claim based on unlawful post-arrest detention failed).

Here, plaintiff's conclusory allegations of unlawful arrest and unlawful detention/ imprisonment are not enough. In order to state a legally valid claim for damages under § 1983, plaintiff must name specific defendants and describe specific facts showing how each defendant's actions and/or omissions both actually and proximately caused the violation of the federally protected rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be afforded an opportunity to do so in an

amended complaint.

Plaintiff can also, in an amended complaint, explain whether the claimed unlawful arrest and unlawful detention/imprisonment have resulted in a conviction or are related to rulings that likely will be made in a pending or anticipated criminal trial. In the first scenario (conviction), the instant action would have to be dismissed without prejudice, and plaintiff could refile this action only after the conviction is invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Therefore, plaintiff should also explain, if there was a conviction, the status of the conviction. In the second scenario (where the allegedly unlawful arrest and allegedly unlawful detention/imprisonment), the Court would most likely stay this suit until the criminal case or the likelihood of a criminal case is ended. Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within 28 days will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: May 20, 2016

_____
SALLIE KIM
United States Magistrate Judge